UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL ORTH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:20 cv-00120 |
| | ) |
| JOSEPH AUGUSTYN, CON WAY | ) |
| TRANS SERVICES, INC d/b/a | ) |
| XPO LOGISTICS FREIGHT, INC. | ) |
| | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FRCP 12(B) MOTION TO DISMISS AND MOTION FOR LEAVE TO NAME REAL PARTY IN INTEREST PURSUANT TO FRCP 17

COMES Now, Michael Orth, deceased Plaintiff, and for his Response to Defendants' Motion to Dismiss and Motion for Leave to Name Real Party in Interest Pursuant to Federal Rule of Civil Procedure 17 and states as follows:

### I. Procedural History

1. This matter arises from a personal injury automobile versus tractor-trailer collision that occurred on September 13, 2019, in the westbound direction of Interstate 80 at or near mile-marker 9 in the City of Gary, Indiana.

2. The present action was filed on February 19, 2020 in the Lake County Indiana Superior Court under Cause No. 45D04-2002-CT-000200.

1

3. Shortly thereafter, on March 26, 2020 Defendants removed this action to this Court via diversity jurisdiction pursuant to 28 U.S.C. §1332 as the amount in controversy[1] exceeds $75,000.00 and Plaintiff and Defendants were domiciled in different states.

4. Unfortunately, Michael Orth unexpectedly died intestate on the 6th day of May, 2020 while domiciled in Murrells Inlet, South Carolina. Mr. Orth died from causes other than the injuries he sustained in the motor vehicle collision that is the subject of the present lawsuit.

5. The Indiana Survival Act permits the personal representative to maintain a personal injury cause of action after the Plaintiff is deceased pursuant to Ind. Code 34-9-3-1 *et seq.*

6. On June 24, 2020, The Estate of Michael Orth was opened in the Lake Superior Court, Lake County, Indiana, naming the decedent's wife, Julie Baumgartner, as the personal representative of the Estate of Michael Orth. (**Exhibit A**, Estate Pleadings & Order). The entire purpose of opening this Estate is to proceed with the Survival Act cause of action.

7. Approximately seven (7) weeks has passed between Mr. Orth's unexpected death and the date his Estate was opened.

8. Defendants filed a F.R.C.P. 12(b) Motion to Dismiss based upon the fact that Michael Orth is deceased, and he cannot proceed unless an estate is opened.

9. Michael Orth's Estate is now open, thus, Plaintiff herein seeks to substitute Julie Baumgartner as Personal Representative of the Estate of Michael Orth as the Real Party in Interest pursuant to F.R.C.P. 17.

## II.     Standard

Federal Rule 17(a) sets forth examples of individuals that may be named where the real party cannot proceed on his or her own behalf such as a decedent, minor, or incapacitated litigant.

(a) Real Party in Interest.

(1) Designation in General. An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

(A) an executor;

---

[1] Due to Plaintiff's untimely death, the amount in controversy is now likely beneath the $75,000 threshold for federal jurisdiction. Accordingly, assuming that Plaintiff is permitted to substitute the real party in interest pursuant to F.R.C.P. 17, to correct the proper party, Plaintiff intends to move to remand to Indiana State Court.

2

(B) an administrator;

...

(3) Joinder of the Real Party in Interest. *The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.* After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17 *Emphasis added.*

"Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed .... The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."

Advisory Committee Comments - Fed. R. Civ. P. 17

### III. Discussion

*a. Summary of Argument*

In the case at bar, Plaintiff initiated this cause of action on February 19, 2020 and it was removed to this Court on March 26, 2020. On May 6, 2020, Plaintiff Michael Orth died unexpectedly from a cause that was not related to the injuries sustained in the personal injury cause of action. Thereafter, an estate was opened entitled Estate of Michael Orth (hereafter "the Estate") approximately seven (7) weeks later on June 24, 2020. The decedent's wife, Julie Baumgartner, was named as the personal representative on the same day. Accordingly, Plaintiff now wishes to correct the caption and substitute Julie Baumgartner in her capacity as personal representative of the Estate as the proper party plaintiff in this cause.

*b. The Honest Mistake Test – The Liberal Test for FRCP 17(a)*

Historically, Federal courts have liberally granted leave to permit substitution of a proper party pursuant to FRCP 17(a) where an improper party has brought suit due to an honest mistake

3

or where a determination of the proper party is difficult. *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 308 (5th Cir.2001) ("In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party ... is difficult."); *Intown Properties Mgmt. Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 171 (4th Cir.2001) (finding that Rule 17(a) was inapplicable because the "mistake had not been 'understandable' "); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2nd Cir.1997) ("the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party."); *Lans v. Gateway 2000, Inc.*, 84 F.Supp.2d 112, 120 (D.D.C.1999) ("it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable."), aff'd, 252 F.3d 1320 (Fed.Cir.2001); *Feist v. Consolidated Freightways Corp.*, 100 F.Supp.2d 273, 276 (E.D.Pa.1999) ("Rule 17(a) should not be applied blindly to permit substitution of the real party in interest in every case. In order to substitute the trustee as the real party in interest, Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake.").

The "honest mistake test" set forth in *Link Aviation, Inc. v. Downs*, 325 F.2d 613, 614–15 (D.C.Cir.1963) and *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2nd Cir.1997) establishes the standard by which a party may seek relief pursuant to FRCP 17(a):"[a] Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."

*Advanced Magnetics, Inc.*, 106 F.3d at 20. In this case, substituting the Estate as the real party in interest would be a ministerial amendment in the caption. None of the substantive allegations set forth in the original Complaint will change by way of this substitution in name. None of the allegations in the Complaint will change, thus, the substitution of the Estate as the real party in interest will not prejudice any portion of the litigation that has occurred to date, nor will it have any effect on the Defendants.

This Court has previously found FRCP 17(a) motions to substitute real party in interest meritorious. In *Andrew Florek v. Mobil Oil Corp.*, 1985 WL 5175 (N.D.Ind.), a lawsuit was initiated in the name of deceased plaintiff Plaintiff Andrew Florek against Defendant Mobil for property damage to the Florek home. *Id* at 1. While Mr. Florek was alive, it appears that he made a claim with and received compensation from his insurer, Westchester. *Id.* Thereafter Mr. Florek died in 1980 and a period of over two years passed. *Id.* In 1982, Westchester initiated litigation in the name of Andrew Florek (although he had been deceased for over 2 years) and thereafter sought to be substituted as the real party in interest via FRCP 17(a) in order to preserve its subrogation interest. *Id.* This Court examined FRCP 17(a), 15(c), as well as the case law allowing insurers who pay claims to their insureds to be named real parties in interest and assert subrogation rights. *Id* at 2-3. Ultimately this Court held that substitution of Westchester was appropriate because it was a real party in interest and should have initiated the cause of action in its own name, however, this mistake did not warrant dismissal. *Id.*

> *Based upon Link Aviation and the case law cited therein, it is apparent that the duty placed upon Westchester pursuant to Indiana law to bring the case in its own name is not determinative of the issue. Instead, lenient application of the law to the facts before the Court indicates that the initial complaint initiated a valid suit and that if the requirements set forth in Rule 15(c) are met, the case should not be dismissed.*

*Florek* at 5.

5

This Court thereafter continued in its analysis of FRCP 15(c) as to whether substitution of the Plaintiff relates back to the filing of the original complaint. *Id* at 5. First, this Court inquired as to "whether Rule 15(c) applies to an amendment which substitutes a new party plaintiff to the original complaint," as there could be concern that the substitution could essentially frustrate the purpose of a statute of limitations defense. *Id*. However, this Court reasoned that the primary purpose of a statute of limitations defense is to "...to insure that parties are given formal and seasonable notice that a claim is being asserted against them..." *Id citing Klingbeil v. Ric-Wil, Inc.*, 436 N.E.2d 843 (Ind.App.1982). Next, this Court assessed whether the substitution arouse from the same occurrence set forth in the initial Complaint. *Id*. This Court reasoned:

> *In the present case, it is obvious that a motion to substitute Westchester as the real party in interest arises from the original alleged negligent act of Mobil in 1977. Therefore, Mobil has had notice of the complaint and the acts upon which the complaint is based. Notice was actual rather than constructive in that Mobil was the only defendant to the initial complaint and remains the only defendant after substitution of Westchester as the real party in interest.*

*Florek* at 5.

Although the case at bar does not involve subrogation, the principals set forth are analogous. Here, the personal injury cause of action was initiated on February 19, 2020. Plaintiff subsequently died unexpectedly from an unrelated cause on May 6, 2020. Julie Baumgartner was named as the personal representative of the Estate seven (7) weeks later June 24, 2020. The present motion merely seeks to name the proper party plaintiff as the personal representative of the Estate. Under this Court's Rule 15(c) analysis, it is clear that Defendants received notice of the cause of action shortly after it was filed in February of 2020, and in fact appeared by defense counsel shortly thereafter. Moreover, this substitution arises from the exact same set of facts and does not change any of the substantive/factual allegations set forth in the original Complaint. Accordingly, Plaintiff

submits that this substitution passes the threshold for substitution pursuant to FRCP 17(a) and all relation back requirements of 15(c).

In contrast, there are rare occasions where substitution pursuant to FRCP 17(a) is not appropriate. An example of inappropriate substitution is the case of *Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, (S.D. Ind. 2004). In *Metal Forming*, as part of a settlement agreement, plaintiff corporation assigned its rights to sue its insurance agent (Marsh) to Cincinnati Insurance, following a fire on the premises of Metal Forming's leased premises. *Id* at 433-434. Thereafter, Cincinnati initiated the cause of action in the name of Metal Forming instead of its own name as required by Indiana law. *Id* at 434. In his analysis, Judge Baker of the U.S. District Court for the Southern District of Indiana discerned that Metal Forming could not be the real party in interest because the claim was assigned by Metal Forming to Cincinnati prior to the initiation of the lawsuit. *Id*. Moreover, Judge Baker observed that there was no "honest mistake" made:

> *Plaintiffs' reasons, in the Court's view, do not disclose an honest or understandable mistake. Quite the contrary. As Marsh points out in reply, "[i]f Plaintiffs did in fact undertake legal research on this issue prior to filing this action, Plaintiffs must have failed to notice, ignored or rejected the recent cases directly on point stating that the assignee, not the assignor, must be the plaintiffs." [Docket No. 48, p. 7]. Cincinnati chose to sue in Plaintiffs' names knowing that Cincinnati—not the Plaintiffs—owned the claims. Such sleight of hand should not be rewarded.*

*Metal Forming* at 437.

In short, Judge Baker discerned that Cincinnati Insurance made a strategic decision to initiate the action in the name of the underlying plaintiff to gain a strategic or tactical advantage.[2] However, since the underlying plaintiff assigned these rights to Cincinnati, the initiation of the suit

---

[2] Understandably in a subrogation action, an insurance company may wish to avoid being a captioned plaintiff as a jury may not be as sympathetic to a large insurer as it could be to a local small business. This is the strategic advantage that Judge Baker appears to have alluded to.

7

was never proper. The facts in *Metal Forming* are substantially different than those in the case at bar. Here there is no assignment of a claim or any strategic advantage Plaintiff has sought to achieve by naming the Plaintiff as the Estate. Instead, Plaintiff merely incorrectly named the proper party as the Estate instead of the personal representative. As discussed supra, there is no element of surprise, no change in allegations, and no new legal theory being bought by this substitution, rather it is a ministerial change in the caption to rectify a procedural requirement of maintaining the cause of action. Accordingly, *Metal Forming* has little relationship to the case at bar.

Wherefore, Plaintiff, Michael Orth, deceased, respectfully requests that this Court Deny Defendants' Motion to Dismiss and Grant Plaintiff's Motion for Leave to Name the Estate of Michael Orth by Personal Representative Julie Baumgartner, as the Real Party in Interest Pursuant to Federal Rule of Civil Procedure 17 and for all just and proper relief in the premises.

Respectfully submitted,

| | |
|---|---|
| /s/David S. Gladish | s/Mark J. Schocke |
| David S. Gladish, #18653-45 | Mark J. Schocke, #29746-45 |
| Law Office of David Gladish, P.C. | Law Office of David Gladish, P.C. |
| 3235 45th Street | 3235 45th Street |
| Highland, IN 46322 | Highland, IN 46322 |
| (219) 838-1900 | (219) 838-1900 |
| Attorney for Plaintiff | Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, the Plaintiff's Motion for Leave to Name Real Party in Interest Pursuant to Federal Rule of Civil Procedure 17 was served upon the following electronically:

Johnson & Bell
Edward Hearn
Jennifer Carpenter
hearne@jbltd.com
carpenterj@jbltd.com

/s/ Mark J. Schocke
Mark J. Schocke, #29746-45
Law Office of David Gladish, P.C.
3235 45th Street
Highland, IN 46322
Ph. (219) 838-1900
Fx. (219) 838-1909
Mark@davidgladish.com
Attorney for Plaintiff